**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **PASTA FASTA SH.P.K.** | |
|                        *Plaintiff,* | Cause No.: |
| **v.** | |
| **FASTA PASTA, LLC** | |
|                      *Defendant.* | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## AND REQUEST FOR  AND INJUNCTIVE RELIEF

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff Pasta Fasta SH.P.K. ("Plaintiff" or "Pasta Fasta") and files this Original Complaint and Request for Declaratory and Injunctive Relief against Defendant Fasta Pasta, LLC (the "Defendant"), and who respectfully aver as follows:

### INTRODUCTION

1.      This is an action for false association and unfair competition under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), Section 44 of the Lanham Act 15 U.S.C. §1126(g) and (h), and for substantial and related claims of unfair competition and unjust enrichment under the statutory laws of the State of Louisiana, and a request for declaratory judgment and injunctive relief, all arising from the Defendant's ongoing attempts to misappropriate the Plaintiff's brand and bar its entry into the United States market.

2.      Plaintiff Pasta Fasta SH.P.K. has long used the "PASTA FASTA" mark in connection with its operation of fast-casual pasta restaurants in Europe.

1

3.     In or about late 2022, Pasta Fasta SH.P.K. expressed a desire to enter the United States market and began taking steps to do the same, including discussing a possible franchise relationship with a United States based franchisee.

4.     In or about April 2023, Pasta Fasta, by and through its US based subsidiary, Pasta Fasta USA LLC ("PF USA"), began taking affirmative steps to bring its successful "PASTA FASTA" brand into the United States market.

5.     Upon entry into the United States market, Plaintiff discovered Defendant's use and adoption of the mark "FASTA PASTA and Design" and its claimed intended use of the identical mark "PASTA FASTA" in connection with the advertising and offering of restaurant services, which has precluded Plaintiff from acquiring United States registration for its marks.

## PARTIES

6.     Plaintiff Pasta Fasta SH.P.K. is a limited liability company formed under the laws of the Republic of Kosovo, with its principal place of business located at Prishtina, Republic of Kosovo, 10000. Pasta Fasta SH.P.K. is comprised of the following members: (i) Arrita Plakolli Haxhimehmeti, an individual who is a resident of the Republic of Kosovo, (ii) Talat Kelmendi, an individual who is a resident of the Republic of Kosovo, and (iii) Urata Plakolli, an individual who is a resident of the Republic of Kosovo.

7.     Upon information and belief, Defendant Fasta Pasta LLC is a limited liability company formed under the laws of the State of Louisiana. Upon information and belief, Defendant's principal place of business is located at 1191 Lamy Lane, Suite 5, Monroe, Louisiana 71201. Upon information and belief, Fasta Pasta, LLC is comprised of the following members: (i) Ylli Makolli, an individual who, based upon information and belief, is a citizen of the Republic of Kosovo and the United States and resides in Monroe, Louisiana, and (ii) Rinas Makolli, an

individual who, based upon information and belief, is a citizen of the Republic of Kosovo and the United States and resides in Monroe, Louisiana.

## JURISDICTION

8.     This is an action for unfair competition in violation of Section 43(a) of the Lanham Act. 15 U.S.C. §1125(a), and Section 44 of the Lanham Act 15 U.S.C. §1126(g) and (h). This action also includes claims under Louisiana law for unfair competition and unjust enrichment and a request for declaratory judgment and injunctive relief.

9.     This Court has jurisdiction over this Plaintiff's claims for unfair competition under the Lanham Act, pursuant to 15 U.S.C. § 1125(a) and 28 U.S.C. §1331.

10.     This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of the State of Louisiana pursuant to 28 U.S.C. § 1367(a), because these claims are so related to Plaintiff's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

## VENUE

11.     Venue is proper in this court, because Defendant Fasta Pasta, LLC is a resident of this district and maintains its principal place of business in this judicial district.

12.     Alternatively, venue is proper in this court pursuant to 28 USC 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTS

13.     Plaintiff Pasta Fasta SH.P.K. is a Kosovo-based limited liability company that founded PASTA FASTA, a European-based fast-casual pasta restaurant chain that provides fresh,

3

made-to-order pasta and offers a customizable experience, with locations primarily in Europe and recently expanding to the United States.

14.    From the outset, Pasta Fasta SH.P.K. has used the PASTA FASTA trade name and the "PASTA FASTA and Design" mark to identify its services.

15.    In fact, Pasta Fasta SH.P.K. includes the "PASTA FASTA and Design" mark on its packaging and in each of its restaurants. The mark is also featured on Pasta Fasta SH.P.K.'s online social media accounts.

16.    Pasta Fasta SH.P.K.'s "PASTA FASTA and Design" mark is registered in several countries throughout Europe.

17.    Specifically, the mark is registered in North Macedonia, the Republic of Kosovo, Albania, the European Union, and the United Kingdom. True and correct copies of the registration certificates for the PASTA FASTA marks are attached hereto as **Exhibit A, A-1, A-2, and A-3**.

18.    The "PASTA FASTA and Design" mark is registered in International Class 30 for use in connection with "flour and grain products, bread, dough products and sweets" and International Class 43 for use in connection with "food and beverage provision services; temporary accommodation."

19.    Since its inception in 2018, the "PASTA FASTA" restaurant concept has become increasingly popular. In fact, after the success of the initial location, Pasta Fasta SH.P.K. went on to franchise several locations throughout Europe.

20.    The restaurant has grown to over ten locations, including locations in Kosovo, Albania, Hungary, and Germany.

21.     Since opening its first store, Pasta Fasta has amassed a significant social media following and has been named a "Kosovo hot spot", drawing in tourists from around the world, including from the United States.

22.     Since its opening in 2018, Pasta Fasta SH.P.K. has expended substantial time, money, and resources marketing, advertising, and promoting the services offered under the "PASTA FASTA" mark, and thereby has generated significant goodwill throughout Europe.

23.     In or about late 2022, Pasta Fasta SH.P.K. began engaging in discussions with PF USA's owners, Rron and Ahmed Kurtolli, regarding expanding the PASTA FASTA brand into the United States market.

24.     On or about January 12, 2023, Rron and Ahmed Kurtolli began taking affirmative steps to bring the PASTA FASTA brand to the United States market.

25.     In fact, on January 12, 2023, Rron and Ahmed formed PF USA, which was previously named Kurtolli LLC, for the purpose of operating the PASTA FASTA restaurant in the United States. In or about February 2023, Kurtolli LLC was renamed "PASTA FASTA LLC", before it was finally renamed PASTA FASTA USA, LLC in or about March 2023. *See* **Exhibit B and C.**

26.     Thereafter, in or about April 2023, Pasta Fasta SH.P.K. entered into a Franchise Agreement (the "Franchise Agreement") with PF USA.

27.     Under the Franchise Agreement, Pasta Fasta SH.P.K. granted PF USA the sole and exclusive right to use the PASTA FASTA marks in connection with a fast-casual pasta restaurant chain in the United States and to license the same to prospective franchisees.

28.     Additionally, under the Franchise Agreement, PF USA was granted the sole and exclusive right to apply for federal registration of the Pasta Fasta family of marks in the United States.

29.     After finalizing the Franchise Agreement, PF USA opened a "PASTA FASTA" restaurant in Chicago, Illinois location and filed federal trademark applications seeking registration of the following marks:

| Mark | Serial No. | Filing Date | Goods |
|---|---|---|---|
|  | 98082571 | Jul. 12, 2023 | **Class 30:** Macaroni; Noodles; Pasta; Spaghetti; Macaroni with cheese; Pasta and noodles; Pasta sauce; Spaghetti sauce; Angel hair pasta; Angel-hair pasta; Fresh pasta; Gluten-free pasta; Prepared pasta |
|  | 98072096 | Jul. 05, 2023 | **Class 30:** Macaroni; Noodles; Pasta; Spaghetti; Macaroni with cheese; Pasta and noodles; Pasta sauce; Spaghetti sauce; Fresh pasta; Prepared pasta |
| PASTA FASTA | 98067439 | June 30, 2023 | **Class 30:** Macaroni; Noodles; Pasta; Spaghetti; Pasta and noodles; Fresh pasta; Prepared pasta |

30.     Each of the foregoing trademark applications received Non-final Office Actions, or initial refusals to register, citing a likelihood of confusion with two prior filings owned by the Defendant.

31.     After receiving the Office Actions, Plaintiff discovered that on or about April 17, 2023, Defendant, Fasta Pasta LLC, filed U.S. Application Serial No. 97892006 for the "FASTA PASTA and Design" mark, seeking registration in International Class 43 for use in connection with "Fast-food restaurants; Restaurant; and Restaurant and café services." *See* **Exhibit D**. The application alleges a first use date of March 1, 2023.

32.     Upon information and belief, Defendant currently uses the "FASTA PASTA and Design" mark in connection with the Fasta Pasta restaurant located at 1191 Lamy Lane, Suite 5, Monroe, Louisiana 71201.

33.     In addition to the mark that it currently uses, Plaintiff discovered that Defendant also filed an intent-to-use based application, U.S. Application No. 97913861 for the "PASTA FASTA and Design" mark, which depicts a logo that is identical to the mark used by Pasta Fasta. In the application, Defendant seeks registration of the identical mark in International Class 43 for use in connection with "Restaurant services; Restaurant and café services; Fast-food restaurant services." *See* **Exhibit E**. However, it does not appear that Defendant has taken any steps to market its goods or services under the "PASTA FASTA and Design" mark.

34.     Plaintiff did not consent to the Defendant's filing of the foregoing applications or use of a confusingly similar or identical mark.

35.     In fact, upon discovering Defendant's applications, Pasta Fasta's US-based affiliate contacted the Defendant requesting that it cease and desist use of the "FASTA PASTA" mark and refrain from adopting the mark "PASTA FASTA" in connection with restaurant services, restaurant and café services, and fast-food restaurant services.

36.     In response, Defendant refused to cease and desist use of the "FASTA PASTA" mark, alleging that (1) Pasta Fasta SH P.K., does not have any trademark rights to the mark in the United States due to non-use in the United States, (2) Fasta Pasta has priority in the "FASTA PASTA" mark in the United States, based on its first use in commerce in the United States, and in the "PASTA FASTA" mark based on its prior application date, and (3) that PF USA's applications do not seek registration of the mark in connection with restaurant services, and are instead for food

items, such as "Macaroni; Noodles; Pasta; Spaghetti; Pasta and noodles; Fresh pasta; Prepared pasta."

37.     Additionally, despite not using the "PASTA FASTA" mark, Defendant indicated that it had an intent to enter into franchise agreements and open restaurants in the United States under the "PASTA FASTA" name, rather than the "FASTA PASTA" name that it is currently using and instead demanded that Plaintiff and its related entity, PF USA, cease and desist all use of their marks in the United States market.

38.     Thereafter, Plaintiff discovered that Defendant had not only planned to adopt an identical name to that used by the Plaintiff, but Defendant had also appropriated images from Plaintiff and PF USA's online websites and social media accounts and used them for its own promotional material, simply photoshopping the "FASTA PASTA" logo on the same. *See* **Exhibit F**.

39.     Additionally, Defendant has used images of Plaintiff's "PASTA FASTA" packaging on its menu, despite not offering such packaging in stores. *See* **Exhibit G**.

40.     It is evident that Defendant was fully aware of the PASTA FASTA mark and of Plaintiff's intention to enter the United States market and merely filed trademark applications for "FASTA PASTA" and "PASTA FASTA" in an effort to usurp the Plaintiff's brand and bar its entry into the United States market. In fact, Defendant's applications were filed after Plaintiff's related entity, PF USA, renamed its entity "PASTA FASTA" and provided constructive notice of the same by filing in the Illinois Secretary of State.

41.     Moreover, it is evident that the Defendant lacked a bona fide intent to use the "PASTA FASTA and Design" mark in commerce at the date of filing the registration. In fact,

Defendant does not use the "PASTA FASTA" mark, nor has it taken any steps to adopt the mark, instead using the mark "FASTA PASTA" in connection with its services.

42.    Despite not using the "PASTA FASTA and Design" mark or taking steps to promote its services under the mark, the Defendant alleged that it has an intention to franchise under the "PASTA FASTA and Design" mark.

43.    Defendant's actions are clearly for the purpose of usurping the Plaintiff's brand, unfairly competing with Plaintiff, and barring the Plaintiff's entry into the United States market.

44.    Defendant's acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

45.    Moreover, Defendant's acts have caused significant financial harm to Plaintiff, as several prospective franchisees who were previously interested in opening Pasta Fasta locations decided to not pursue franchise opportunities with Plaintiff due to the ongoing issues regarding the trademarks. To date, at least ten prospective franchisees have opted not to pursue franchise opportunities with Plaintiff.

46.    Plaintiff seeks to prevent Defendant from inhibiting its entry into the United States market by reason of Defendant's bad faith adoption and use of the confusingly similar mark "FASTA PASTA", and Defendant's intention to adopt an identical mark to that used by Plaintiff.

### COUNT I
### FALSE ASSOCIATION – 15 U.S.C. 1125(a)

47.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

48.     As its first ground for relief, Plaintiff alleges false association under the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

49.     Under §1125(a)(1)(A) of the Lanham Act provides a basis for liability against, a person who, "[…] uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person."

50.     §1125(a)(1)(A) provides protection for both registered and unregistered marks.

51.     To establish a claim for false association under Section 43(a)(1)(A), a plaintiff must prove that (1) it has prior protectable rights in a mark and (2) the defendant's use of a similar mark is likely to cause confusion.

52.     Since 2018, Plaintiff has operated a fast-casual pasta restaurant and used the "PASTA FASTA" mark in connection with its services. The mark is registered in several European countries in connection with Plaintiff's restaurant services.

53.     Since its inception, PASTA FASTA has grown to over ten locations throughout Europe and has drawn the attention of both European locals and tourists.

54.     After expanding to over ten locations throughout Europe, Pasta Fasta planned to expand its successful brand into the United States market.

55.     As such, Plaintiff took affirmative steps to enter the United States market by entering into an agreement with its US-based affiliate, PF USA and allowing PF USA to apply for registration of the "PASTA FASTA" marks in the United States.

56.   After taking steps to enter the United States market, Plaintiff discovered that Defendant had engaged in ongoing efforts to associate itself with Plaintiff's popular "PASTA FASTA" brand.

57.   In fact, Defendant currently uses a confusingly similar mark, "FASTA PASTA", which it created by inverting the Plaintiff's word mark, in connection with an identical restaurant concept.

58.   In addition to adopting a confusingly similar name, Defendant has continued to associate itself with Plaintiff by taking Plaintiff's promotional materials from its website and online social media forms and simply stamping the "PASTA FASTA" logo on them.

59.   Moreover, Defendant has continued to associate itself with Plaintiff by featuring pictures of the Plaintiff's distinctive packaging on its menu and in its promotional materials.

60.   It is evident that the Defendant adopted the "FASTA PASTA" mark and filed for registration of the "FASTA PASTA" and "PASTA FASTA" marks in bad faith, in an effort to bar Plaintiff's entry into the United States market. As such, Defendant lacked a bona fide intent to use the marks in commerce at the time of filing and Plaintiff thus has prior protectable rights in the mark.

61.   Defendant's use of the mark "FASTA PASTA" and "PASTA FAST" is likely to cause confusion amongst the relevant consumers, who may associate the Defendant's restaurant with the Plaintiff's restaurant.

## COUNT II
## UNFAIR COMPETITION – 15 U.S.C. §1126(g), (h)

62.   Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

63. As its second ground for relief, Plaintiff alleges unfair competition under the Lanham Act, 15 U.S.C. § 1126(g) and (h).

64. §1126(g) provides that the trade names or commercial names of foreign nationals whose country of origin is a party to any convention or treaty relating to trademarks, trade or commercial names, or the repression of unfair competition, to which the United States is also a party, shall be protected without the obligation of filing or registration whether or not they form parts of marks.

65. Moreover, §1126(h) provides that any person whose country of origin is a party to any convention or treaty relating to trademarks, trade or commercial names, or the repression of unfair competition, to which the United States is also a party, shall be entitled to effective protection against unfair competition.

66. Prior to entering into the United States market, Pasta Fasta SH.P.K. had invested substantial time, effort, and financial resources promoting its "PASTA FASTA" mark in Europe, which allowed the business to expand to over ten locations throughout Europe.

67. Plaintiff has registered its "PASTA FASTA" marks in North Macedonia, the Republic of Kosovo, Albania, the European Union, and the United Kingdom. North Macedonia, Albania, the European Union and the United Kingdom are all members of the Paris Convention and TRIPS, along with the United States. In brief sum, the Paris Convention is an international treaty that provides for the protection of industrial property, including patents, trademarks, industrial designs, utility models, service marks, and trade names, while TRIPS deals with the suppression of unfair competition.

68. As such, Plaintiff is entitled to protection under 15 U.S.C. §1126(g) and (h).

69.     With the intention of entering into the United States market, Pasta Fasta SH.P.K. granted PF USA the sole and exclusive right to use the "PASTA FASTA" mark in the United States in connection with a fast-casual pasta restaurant.

70.     Plaintiff, by and through related entity, PF USA, currently provides restaurant services in United States commerce under the PASTA FASTA mark and logo has done so since at least April 2023.

71.     Prior to opening the first Pasta Fasta location in the United States, Plaintiff, by and through its related entity, formed "PASTA FASTA USA, LLC", before the Defendant filed its trademark applications for "FASTA PASTA" and "PASTA FASTA."

72.     Plaintiff has used the "PASTA FASTA and Design" mark continuously in US commerce since that time and applied for federal trademark registration of the "PASTA FASTA" marks.

73.     Upon information and belief, Defendant was aware of the Plaintiff's intended entry into the United States market and filed federal trademark applications after Plaintiff's US-based related entity was formed in an effort to prevent the same.

74.     In fact, in addition to adopting the confusingly similar mark "FASTA PASTA" without the Plaintiff's consent, Defendant has manifested an intention to adopt an identical "PASTA FASTA" mark and design to that currently used by Plaintiff and to enter into Franchise Agreements under the "PASTA FASTA" mark rather than the mark that it currently uses.

75.     Defendant has filed an intent-to-use based application for trademark registration at the United States Patent and Trademark Office for the "PASTA FASTA" and design trademark, Serial No. 97913861.

76.     Plaintiff's "PASTA FASTA and Design" marks are depicted below:



77.     Defendant's trademark as it appears in Defendant's intent-to-use based application for trademark application is depicted below



78.     Upon information and belief, Defendant has engaged in its infringing activity despite having actual knowledge of Plaintiff's use of the PASTA FASTA mark and logo and of Plaintiff's intention to enter into the United States market.

79.     Upon information and belief, Defendant has adopted the confusingly similar mark, and manifested a desire to adopt an identical mark with the intention of barring Plaintiff's entry into the United States market and/or misleading, deceiving, or confusing customers as to the origin of its goods and by trading on Plaintiff's reputation. As a result of Defendant's actions, Plaintiff has been unable to register the marks and adequately protect its brand in the United States market.

80.     Plaintiff has requested that Defendant cease and desist from its infringing actions, but Defendant has responded to these requests by alleging that (1) Pasta Fasta SH P.K., does not have any trademark rights to the mark in the United States due to non-use in the United States, (2)

Fasta Pasta has priority in the "FASTA PASTA" mark in the United States, based on its first use in commerce in the United States, and in the "PASTA FASTA" mark based on its prior application date, and (3) that PF USA's applications do not seek registration of the mark in connection with restaurant services, and are instead for food items, such as "Macaroni; Noodles; Pasta; Spaghetti; Pasta and noodles; Fresh pasta; Prepared pasta."

81.    Additionally, Defendant appropriated Plaintiff's promotional material from its online websites and social media profiles and merely affixed the "FASTA PASTA" logo over the same.

82.    Defendant's (i) unauthorized use of the "FASTA PASTA and design" mark and (ii) manifestation of its intent to adopt a mark that is identical to the one long used by Plaintiff in an effort to usurp the Plaintiff's brand and bar Plaintiff's entry into the United States market constitutes unfair competition under 15 U.S.C. § 1125(h). Moreover, the actions of Defendant as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition.

83.    As a direct and proximate result of Defendant's acts of unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and goodwill, and Defendant has and will continue to unfairly acquire income, profits, and goodwill from a brand that had been built and developed by Plaintiff Pasta Fasta SH.P.K., and given to its US based subsidiary.

84.    Moreover, Defendant's actions have interfered with Plaintiff's efforts to secure federal protection in its marks and subsequently license the same to other US based franchisees.

85.    Defendant's acts of unfair competition will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## COUNT III
## VIOLATION OF THE LOUSIANA UNFAIR TRADE PRACTICES ACT

86.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

87.    As its third ground for relief, Plaintiff asserts claims against Defendant based on violations of the Louisiana Unfair Trade Practices Act.

88.    The Louisiana Unfair Trade Practices Act provides that unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are illegal. La. Rev. Stat. Ann. § 51:1405.

89.    A cause of action for damages exists for any person that suffers an ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by La. Rev. Stat. Ann. § 51:1405. La. Rev. Stat. Ann. § 51:1409.

90.    The courts must decide what constitutes an "unfair trade practice" on a case-by-case basis. *Marshall v. Citicorp.,* 601 So. 2d 669, 670 (La. App. 5th Cir. 1992). While under Louisiana law, businesses are not precluded from making money and are still free to pursue profit at the expense of a competitor; the means used must not be egregious. *Id.*

91.    Pasta Fasta SH.P.K. has long used its "PASTA FASTA and design" mark in connection with its operation of a fast-casual pasta restaurant. In fact, after opening the original "PASTA FASTA" location in Kosovo in 2018, the brand expanded to over ten locations in Europe.

92.    Due to its success in the European market, Pasta Fasta SH.P.K. expressed a desire to enter into the United States market and began taking affirmative steps to do the same.

93.    In or about January 2023, Plaintiff's US-based affiliate, Pasta Fasta USA LLC was formed. Thereafter, in or about April 2023, Plaintiff entered into a Franchise Agreement with its

US based franchisee, PF USA. Under the Franchise Agreement, PF USA was to have the sole and exclusive right to use the "PASTA FASTA" marks in commerce in connection with the operation of a fast-casual pasta restaurant. Additionally, PF USA was granted the right to license the mark to potential franchisees in the United States.

94.     After finalizing the Franchise Agreement, PF USA filed for federal trademark registration of the "PASTA FASTA" marks.

95.     After filing its trademark applications, PF USA discovered that Fasta Pasta, LLC had filed federal trademark applications for "FASTA PASTA" and "PASTA FASTA" in connection with restaurant services. Both applications were filed after Plaintiff provided constructive notice of its intent to enter the US market, including by forming PF USA and providing constructive notice of the same by filing with the Illinois Secretary of State.

96.     Additionally, Plaintiff discovered that Defendant Fasta Pasta was clearly familiar with the Plaintiff's brand, having appropriated Plaintiff's promotional materials from its online website and social media profiles and affixed its logo over the same.

97.     The circumstances show that Defendant, Fasta Pasta, LLC, has used egregious means to usurp the Pasta Fasta brand, based on: (1) its familiarity with the European based brand, (2) its siphoning of the European brand's photos and use of the same on promotional material, and (3) its attempts to apply for a trademark for an identical mark used by the European brand after the European brand had begun taking affirmative steps to enter into the United States market.

98.     Plaintiff has sustained actual damages of at least $500,000.00 in lost profits and lost royalties, along with ongoing impediments to its ability to register its mark or fulfill its obligations to its US-based affiliate, PF USA, under the Franchise Agreement or enter into other franchise agreements with potential franchisees.

## COUNT IV
## UNJUST ENRICHMENT

99.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

100.    As its fourth ground for relief, Plaintiff asserts a claim of unjust enrichment.

101.    Under Louisiana law, to establish a claim for unjust enrichment, an aggrieved Plaintiff must prove (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and resulting impoverishment; (4) absence of "justification" or "cause" for the enrichment and the impoverishment; and (5) no other remedy at law available to the plaintiff. *Baker v. Maclay Properties Co.*, 94-1529 (La. 1/17/95),

102.    The remedy of unjust enrichment is only applicable to fill a gap in the law where no express remedy is provided. *Walters v. MedSouth Record Management, LLC*, 10-0353 (La. 6/4/10), 38 So.3d 243, 244.

103.    Defendant has been unjustly enriched, as Defendant has not had to expend time, effort, or money building the "FASTA PASTA" or "PASTA FASTA" brand. Rather, Defendant has simply misappropriated the Plaintiff's brand and promotional materials to promote its goods and services offered under the "FASTA PASTA" mark.

104.    Plaintiff has been impoverished by reason of its substantial spending of time, effort, and money building the "PASTA FASTA" brand, which Defendant has tried to usurp in the United States market. In fact, by reason of its prior trademark applications, Defendant has impeded Plaintiff's ability to register its "PASTA FASTA" mark in the United States market.

105.    There is a connection between the Defendant's enrichment and the resulting impoverishment. Since 2018, Plaintiff Pasta Fasta SH.P.K. has spent a substantial amount of time, effort, and resources building the PASTA FASTA brand, which had gained popularity throughout

Europe by reason of its efforts. Defendant has become enriched by taking the Plaintiff's name and promotional materials and using the same in the United States market immediately prior to the Plaintiff's entry into the United States and market. Based on information and belief, Defendant was aware that Plaintiff intended to enter into the United States marked and simply filed for federal trademark registration of both the confusingly similar mark "FASTA PASTA" mark and the identical "PASTA FASTA" mark to prevent Plaintiff's entry into the United States market.

106.    There is no justification or cause of the enrichment and the impoverishment, which has been caused by the Defendant's attempts to take the fruits of Plaintiff's labor and bar Plaintiff's entry into the United States market.

107.    To date, Plaintiff has sustained financial damages of at least $500,000.00 in lost profits and lost royalties, along with ongoing impediments to its ability to register its mark or fulfill its obligations to its US-based affiliate, PF USA, under the Franchise Agreement or enter into other franchise agreements with potential franchisees.

108.    Plaintiff has no adequate remedy at law for the damages caused thereby.

## **REQUEST FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that this Court enter an Order granting it the following relief:

(A) Entering a judgment finding that Defendant's use of the "FASTA PASTA" and "PASTA FASTA" marks and appropriation of Plaintiff's trade name constitutes false association and unfair competition in violation of 15 U.S.C. § 1125(a), §1126(g) and §1126(h);

(B) Entering a judgment finding that Defendant's use of the "FASTA PASTA" and "PASTA FASTA" marks and appropriation of Plaintiff's promotional material violates

the Louisiana Unfair Trade Practices Act and awarding Plaintiff its actual damages and attorney's fees;

(C) Entering a judgment declaring that Defendant lacked a bona fide intent to use the "PASTA FASTA" mark in commerce pursuant to 15 U.S.C. §1119;

(D) Permanently enjoining and restraining the Defendant and each of its agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from using the trademark "FASTA PASTA" or "PASTA FASTA", with or without its accompanying logo or any other designation, alone or in combination with other words or symbols, as a trademark or trade name component or otherwise, to market, advertise, distribute, or identify Defendant's products where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's "PASTA FASTA" mark;

(E) Pursuant to 15 U.S.C. § 1116(a), directing Defendant to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(F) Pursuant to 15 U.S.C. § 1118, requiring that Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels, and other material in their possession bearing the infringing designation;

(G) Pursuant to 15 U.S.C. § 1119, enjoining the Director of the United States Patent and Trademark Office from issuing to Defendant any trademark registration for its "FASTA PASTA" mark, its "PASTA FASTA" mark or any combination of words or symbols

that would create a likelihood of confusion, mistake, or deception with Plaintiff's mark, including, but not limited to, Serial Nos. 97892006 and 97913861 number, or ordering cancellation of any such registrations previously granted to Defendant;

(H) Grant Plaintiff all costs and expenses incurred in the filing and prosecution of this action, including any expert fees actually incurred, and legal interest on all amounts awarded to the maximum extent permitted by law; and

(I) Granting Plaintiff such other and further relief as the Court may deem just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted:

BREITHAUPT, DUBOS & WOLLESON, LLC
1811 Tower Drive, Suite D
Monroe, Louisiana 71201
Telephone:     (318) 322-1202
Facsimile:     (318) 322-1984
Email:         michael@bdw.law
Email:         adam@bdw.law
Email:         ben@bdw.law


    */s/Benjamin DuBos*
Michael L. DuBos (23944)
Adam R. Karamanis (39544)
Benjamin M. DuBos (41226)